**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                      Civil No. 06-cv-172-PB

Adelaide M. Leroux


**O R D E R**

Defendant objects to plaintiff's <u>ex parte</u> petition to attach two pieces of real estate located in Tuftonboro, New Hampshire.

<u>Background</u>

The plaintiff was granted an <u>ex parte</u> attachment on defendant's two parcels in Tuftonboro.  Defendant objected promptly but the parties requested that the hearing be stayed while plaintiff and defendant's husband explored a resolution of his delinquent taxes.  The parties brought the matter forward for hearing.

The essential facts are that as of December 31, 1990, defendant accrued a tax liability of $4,448,895 for 1990.  Pl. Exhibit A.  The liability for those taxes matured on April 15, 1991.  On March 18, 1991 Edward Leroux, Jr., the delinquent taxpayer, transferred two pieces of real estate to defendant, his wife, as "a gift" – i.e. without consideration.  Pl. Exhibits C

and D.  Edward Leroux, after extensions, filed his 1990 income tax return on or about October 14, 1991.  Of the $4,448,895 due he paid only $5,769 leaving an unpaid amount of $4,443,126.  On September 30, 1992, Mr. Leroux filed for bankruptcy alleging he had $56,972,605 in assets and $84,896,192 in liabilities.  Pl. Exhibits E and F.

The government filed a proof of claim in the bankruptcy proceeding.  Def. Exhibit A.  The government and Mr. Leroux entered into a stipulation (Def. Exhibit B) with respect to its tax claim.  The taxpayer filed his plan which was confirmed by order.  Def. Exhibits C and D.  A final decree was entered in the bankruptcy court.  Def. Exhibit E.

Discussion

Prejudgment attachments in federal court are determined by the applicable law of the forum state.  Fed. R. Civ. P. 64.  In New Hampshire, the statue controlling prejudgment attachments is N.H. Rev. Stat. Ann. § 511-A.  At the hearing "the burden shall be upon the plaintiff to show that there is a reasonable likelihood that the plaintiff will recover judgment including interest and costs on any amount equal to or greater than the amount of the attachment."  N.H. Rev. Stat. Ann. § 511-A:3.  To

sustain its burden "the plaintiff in an attachment proceeding
showing that he or she will ultimately prevail on the merits and
obtain judgment in the requested amount and that this showing
must be established by proof greater than proof by a mere
preponderance of the evidence."  Diane Holly Corp. v. Bruno &
Stillman Yacht Co., 559 F.Supp. 559, 560 (D.N.H. 1983).

     In this case, plaintiff's claim is under New Hampshire's
Fraudulent Conveyance Act, in particular N.H. Rev. Stat. Ann. §
545-A:5I:

>          A transfer made or obligation incurred by a
>          debtor is fraudulent as to a creditor whose
>          claim arose before the transfer was made or
>          the obligation was incurred if the debtor
>          made the transfer or incurred the obligation
>          without receiving a reasonably equivalent
>          value in exchange for the transfer or
>          obligation and the debtor was insolvent at
>          that time or the debtor became insolvent as a
>          result of the transfer or obligation.

The deeds establish and the parties agree that the transfer was
not for "reasonably equivalent value . . . ."  The second element
of the claim requires that the "debtor was insolvent at that time
or the debtor became insolvent as a result of the transfer
. . . ."  As to the second element, plaintiff's counsel maintains
that when there is a transfer without consideration, the
transferee has the burden of proving solvency.  Counsel cites In

re Blatstein, 192 F.3d 88, 98 (3rd Cir. 1999).  Counsel states
that there appears to be no New Hampshire cases on point.

     Blatstein was decided under Pennsylvania law.  In contrast,
New Hampshire has consistently stated in many types of cases that
it is the plaintiff who always bears the burden of establishing a
prima facie case although the burden of going forward may shift.
See Blethen v. Lawrence, 116 N.H. 840, 841 (1976).  The
provisions of N.H. Rev. Stat. Ann. § 511-A:3 are consistent with
New Hampshire common law on burden of proof.

     Whatever New Hampshire might adopt in terms of burden
shifting under N.H. Rev. Stat. Ann. § 545-A:5I in the future, as
of this date the standard common law remains unchanged.
Furthermore, and more importantly, whatever the burden of proof
at trial, for attachment purposes the plaintiff bears the burden
of proof on both elements to meet its likelihood of success on
the merits.

     The only evidence submitted on solvency is the unpaid tax
return seven months after the transfer and a bankruptcy schedule
eighteen months after the transfer.  Neither is sufficient to
establish proof greater than proof by a mere preponderance that
the transferor was insolvent on March 18, 1991 or was made

insolvent by the transfer.

In short, the plaintiff has failed to meet its burden of proof as to insolvency on March 18, 2001.[1]

The objection is sustained, the attachment is dissolved and plaintiff is ordered to discharge the attachment in the Registry of Deeds.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: March 9, 2007

cc:   William S. Gannon, Esq.
      Paul D. Moore, Esq.
      Jeffrey D. Sternklar, Esq.
      Karen Wozniak, Esq.

---

[1]The other arguments by the parties need not be resolved.